**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                CRIMINAL ACTION NO. 2:18-cr-00291

DEANGELO REEVES,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion in Limine to Exclude Evidence of Other Acts* (Document 17), the *Defendant's Motion in Limine to Exclude Testimony of Paul Hunter* (Document 18), the *Response of the United States to Defendant's Motion in Limine to Exclude Testimony of Paul Hunter* (Document 24)[1], the *Defendant's Second Motion in Limine* (Document 31), the *Response of the United States to Defendant's Motion in Limine to Exclude Testimony of Paul Hunter* (Document 34), and the *Response of the United States to Defendant's Second Motion in Limine* (Document 35).

    *A. Rule 404(b) Motion*

The Defendant seeks to exclude evidence of "other acts" pursuant to Federal Rule of Evidence 404(b). He contends that the charge in this case centers on his alleged possession of "a specific bag of carfentanil on December 7, 2017" and only evidence that "is a necessary

---

1 The preceding documents were filed prior to the Superseding Indictment. The issues and arguments remain relevant, and the Court has considered all the filings regarding the motions in limine, regardless of whether they were filed before or after the Superseding Indictment.

preliminary to" that act or that is "inextricably intertwined" with that act is admissible. (Def.'s Second Mot. at 3.) Thus, he contends that an April 16, 2017 conversation with a potential witness who indicated that he sold heroin from a specific address, a November 27, 2017 report from a confidential informant that he or she purchased heroin from the Defendant, evidence discovered in a search of trash bags found in the Defendant's vehicle on November 29, 2017, and cell phone tracking information from December 1-7, 2017 should all be excluded. In addition, the Defendant seeks to exclude evidence that he concealed a bag, later found to contain no illegal substances, in his pants at the time of his arrest on December 7, 2017, at a different location from the location of the search that uncovered the alleged carfentanil, as well as allegations that he sold heroin in November 2018.

The United States contends that the evidence at issue is intrinsic to the charged crime.[2] It explains that the investigation into the Defendant began with a domestic disturbance call in which the victim told an officer that the Defendant sold large quantities of heroin from the residence. Officers began investigating and conducting surveillance, and gained the evidence sought to be excluding during the course of the investigation. The United States asserts that this evidence supported an application for a search warrant, and the cell phone tracking, which showed travel from Charleston to Akron, Ohio, and back, led officers to execute the warrant on December 7, 2017. It argues that this evidence is necessary to "provide background for why officers were investigating Reeves on December 7, 2017, and why they searched his residence on that day." (U.S. Resp. at 5.)

---

2 The United States' brief does not mention the alleged drug distribution after the date of the search, which the Court presumes it does not consider intrinsic to the offense.

Rule 404(b) of the Federal Rules of Evidence provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may be admissible for other purposes, but the prosecutor must provide reasonable notice of the intent to offer such evidence. Fed. R. Evidence 404(b)(2). "Rule 404(b) does not limit the admission of evidence of acts intrinsic to the crime charged." *United States v. Wilson*, 624 F.3d 640, 652 (4th Cir. 2010). "Other criminal acts are intrinsic when they are 'inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'" *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) (quoting *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993)).

The Fourth Circuit has "adopted a four-prong test for assessing the admissibility of evidence under Rule 404(b): (1) it must be relevant to an issue other than character; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) it must be admissible under Rule 403, in that the probative value of the evidence must not be substantially outweighed by its prejudicial effect." *Wilson*, 624 F.3d at 651.

The Court finds that the evidence of Mr. Reeve's cell phone "ping" data for the period prior to the search, if it is intended as evidence related to his possession of the specific controlled substances at issue, may be intrinsic.[3] The challenged evidence arising from the investigation in the months prior to the search, including statements from individuals about his alleged drug activity, evidence found in his trash, and evidence of previous drug transactions, is extrinsic to the

---

3 Such evidence would be admissible if it is intrinsic to the charged offense, subject to other rules and challenges. The parties' briefing suggests that the United States has not yet disclosed an appropriate witness prepared to testify regarding the cell phone "ping" evidence.

charged offense. It is not admissible simply to provide context or background for the investigation and search. That evidence is therefore subject to a Rule 404(b) analysis.

Mr. Reeves is charged with possession with intent to distribute carfentanil, in violation of 21 U.S.C. § 841(a)(1). The superseding indictment alleges that the offense occurred on or about December 7, 2017. The Court finds that the United States is entitled (and, indeed, required) to offer evidence connecting the Defendant to the residence where the drugs were located and other evidence related to his alleged possession, as well as evidence supporting his alleged intent to distribute the carfentanil. Although not intrinsic to the crime of possession of carfentanil on December 7, 2017, some of the challenged evidence may be relevant to elements of the offense. To the extent the United States intends to offer the challenged evidence for such purposes, the parties should be prepared to proffer an appropriate limiting instruction.

Because portions of the challenged evidence may be relevant to prove an element of the crime charged, the Court finds that the motion in limine should be granted to the extent it argues that the challenged evidence is subject to Rule 404(b), but denied to the extent it seeks to preemptively preclude that class of evidence. However, this order does not bar the Defendant from raising objections to the introduction of the evidence under Rule 403 or other grounds (including Rule 404(b), should the full requirements of the Rule not be met with respect to any portion of the evidence at issue).[4]

### B. Expert Testimony

The Defendant also seeks to preclude the testimony of Detective Paul Hunter with the Huntington Police. Detective Hunter would testify regarding the street value of carfentanil, tools

---

[4] Because the United States took the position that the challenged evidence was intrinsic to the charged offense, it has not yet provided notice pursuant to Rule 404(b) as to what evidence it may intend to offer.

of the drug trade, and the amount of carfentanil typically possessed for personal use versus distribution quantities. The Defendant argues that the proposed testimony "is not the product of reliable scientific principles and methods applied to the facts." (Def.'s Mot to Exclude Expert at 3.) The United States argues that law enforcement officers are regularly permitted to offer expert testimony in drug trafficking cases.

"It is well established that narcotics officers can be appropriately designated as experts on the drug market and drug jargon." *United States v. Johnson*, 617 F.3d 286, 294 (4th Cir. 2010). Experts may provide expert testimony based on their experience, knowledge, skill, training, and education without relying on the scientific method, so long as the opinions are reliable and adequately explained. *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007). Where the officer fails to provide "methodology or guiding principles" to support the testimony, it is not admissible. *Johnson*, 617 F.3d at 294.

The Defendant has presented no evidence that Detective Hunter cannot be qualified as an expert witness with respect to the street value of carfentanil, tools of the drug trade, and the amount of carfentanil typically possessed for personal use versus distribution quantities. The Court will hold the motion in abeyance pending the opportunity to hear and review Detective Hunter's qualifications at trial. The Defendant remains free to challenge Detective Hunter's qualification as an expert based on his testimony as to his background and experience, as well as any specific proffered opinions that do not meet the requirements of Rule 702.

## CONCLUSION

Wherefore, after review and careful consideration, the Court **ORDERS** that the *Defendant's Motion in Limine to Exclude Evidence of Other Acts* (Document 17), and the

*Defendant's Second Motion in Limine* (Document 31) be **GRANTED** in part and **DENIED** in part, as more fully set forth herein. The Court further **ORDERS** that the *Defendant's Motion in Limine to Exclude Testimony of Paul Hunter* (Document 18) be **HELD IN ABEYANCE**, as more fully set forth herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        October 3, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA