IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:18-cr-00291

DEANGELO REEVES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion in Limine in Response to the Government's Untimely Discovery Response* (Document 44), the *Response of the United States to Defendant's Motion in Limine Concerning 404(b) Evidence* (Document 51), and the *Reply of DeAngelo Reeves to Response of the United States of America to Defend its Motion in Limine Concerning 404(b) Evidence* (Document 52).[1] The Court previously issued an order resolving motions raising related issues, and the guidance set forth therein remains applicable. (Document 36.) Following entry of that order, the United States filed an additional discovery response detailing its intent to admit certain evidence. The Defendant filed his motion as a result of that discovery response.

---

1 While the Court does not generally permit reply briefs to motions in limine, the United States disclosed additional evidence, including an expert witness, and propounded new theories regarding the evidentiary basis to admit certain evidence after the Defendant filed his motion in limine. Therefore, the Court will consider the arguments contained in the reply brief, as well as the exhibits attached thereto.

The Defendant argues that statements from a potential witness, Rayveen Wilson, to officers on April 16, 2017, should be precluded. Ms. Wilson allegedly stated that the Defendant stayed at the residence where the Carfentanil charged in the indictment was found, and that he was involved in drug distribution. The United States now states that it may call Ms. Wilson but will not attempt to introduce her statements through another witness.

The Defendant also seeks to preclude evidence derived from a confidential informant who allegedly told an investigating officer that the Defendant resided at the residence at issue, that he "made trips using rental vehicles to Ohio and/or Detroit, that the CI had bought heroin from defendant out of the residence several times," and provided a cell phone number for the Defendant. (United States Supplemental Disc. Resp., Document 37 at 2.) The Defendant argues that the evidence is inadmissible under Rule 404(b), that the United States has not disclosed the identity of the confidential informant or Brady material about the informant, and that such testimony would be impermissible hearsay if introduced through the officer. The United States indicates that it intends to call the confidential informant to testify and that it disclosed the identity of the CI, as well as criminal history and cooperation information on June 12, 2019, and updated such information on October 15, 2019. The Defendant contends that the CI for whom the United States disclosed information was identified by a CI number and documents indicating he began cooperating on February 7, 2018, well after the date an officer spoke with a CI who provided information on the Defendant's alleged drug distribution, and after the date of the charged offense. The police report discussing the relevant CI statement references a different CI identification number.

The Defendant further seeks to preclude evidence derived from a search of his vehicle on November 29, 2017, based on Rule 404(b) and Rule 403. The evidence at issue includes marijuana particles found on the floor of the vehicle and in trash bags surrendered from the vehicle, as well as other contents of the trash bags, including "mail addressed to Defendant, mail addressed to Defendant's residence, plastic baggies with the corners removed, and a corner of a plastic bag containing a powdery substance." (US Resp. at 8.) The United States contends that the evidence links the Defendant to the residence and provides evidence of his intent to distribute the Carfentanil.

Finally, the Defendant seeks to preclude evidence of cell phone location tracking "pings" obtained from December 1 through December 7, 2017, based on the United States' failure to disclose an expert qualified to present the evidence, the speculative nature of the evidence, and Rule 104(b). The United States indicates that on October 15, 2019, it disclosed the identity and background of its witness from AT&T, who will testify as to the ping evidence. It further argues that it will introduce evidence that the cell phone belonged to the Defendant, that it traveled to and from Akron on the night of December 6-7, 2017, that the Defendant commonly purchased drugs in Michigan and Ohio, and that Akron is a common source city for drugs in West Virginia.

The Court finds that evidence related to the location of Defendant's residence is not evidence of crimes, wrongs, or other acts subject to the restrictions of Rule 404(b). Testimony from Ms. Wilson, the confidential informant, or evidence gathered during the vehicle stop and trash search that relates to the location of Defendant's residence is therefore not excludable under Rule 404(b), and the motion in limine is denied in that regard.

Evidence of drug use, distribution, or possession on occasions other than the alleged possession with intent to distribute Carfentanil on December 7, 2017, is subject to Rule 404(b), as the Court previously found. The Court finds that the United States provided sufficient notice of its intent to introduce such evidence, particularly given that the Defendant was aware of the evidence and filed the previous motion even before the United States filed its notice.[2] No evidence of prejudice from late disclosure has been shown, and so the Court will consider whether the evidence is admissible under Rule 404(b).

The Fourth Circuit has "adopted a four-prong test for assessing the admissibility of evidence under Rule 404(b): (1) it must be relevant to an issue other than character; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) it must be admissible under Rule 403, in that the probative value of the evidence must not be substantially outweighed by its prejudicial effect." *United States v. Wilson*, 624 F.3d 640, 651 (4th Cir. 2010). "The more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." *United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012); *see also United States v. Hall*, 858 F.3d 254, 272 (4th Cir. 2017), *as amended* (June 21, 2017) (discussing factors that may be considered in determining whether the Government has sufficiently established a link between the prior act and the charged offense).

The United States' briefing and disclosures indicate that the alleged prior drug activity involved (a) marijuana residue found in the vehicle and in trash bags on November 29, 2017; (b)

---

2 However, the United States' original position that evidence of uncharged drug distribution activity several months prior to the charged offense is intrinsic is not supportable. That unsupportable position led the United States to represent to the Defendant that it would not use Rule 404(b) evidence, then change its position in the weeks prior to trial to disclose such evidence following the Court's ruling. While the Defendant was not ultimately prejudiced by the timing of the disclosure in this case, the defense bar should be able to rely on representations made by the United States Attorney's office.

plastic bags with white residue found in trash bags on November 29, 2017; (c) testimony from a CI interviewed on November 27, 2017, stating that the CI had bought heroin from the Defendant at the residence, and that the Defendant made trips using rental vehicles to Ohio and/or Detroit; and (d) testimony from Ms. Wilson, who told officers on April 16, 2017, that the Defendant was involved in heroin distribution, stored drugs at the residence, and that he and/or his cousin travelled to Ohio and/or Michigan to obtain heroin using rental vehicles. The United States indicates that it intends to introduce evidence "of ongoing drug dealing activity involving the Defendant at the Defendant's residence" to establish his intent to distribute Carfentanil, as well as the "purpose and plan underlying his possession of Carfentanil on December 7, 2019." (US Resp. at 8-9.)

The Court finds that the United States has not met its burden of establishing a sufficient link between the prior drug activity and the instant allegations. None of the prior alleged drug activity involved Carfentanil. The information regarding the source of the drugs is too vague and speculative to establish a linkage between alleged prior drug possession and the Carfentanil (even if the 'ping' evidence were admissible to support a theory that the Defendant obtained the Carfentanil in Akron). In short, the evidence would merely suggest to the jury that the Defendant must have possessed and intended to distribute the Carfentanil because he was involved in drug distribution on other occasions. The evidence is of little probative value as to any admissible purpose and would be highly prejudicial to the Defendant. Therefore, under Rule 404(b) and Rule 403, the Court finds that evidence of the Defendant's prior drug use, possession and distribution is not admissible, and the Defendant's motion in limine as to that evidence should be granted.

The Defendant separately argues that the CI was not properly disclosed, and his/her testimony should therefore be excluded. To the extent the United States intends to call the CI in

light of the Court's other rulings, the Court finds that the testimony should be excluded. The United States disclosed a police report that recounts a November 27, 2017 interview with a CI, identified as confidential informant 2877-09-17. The United States also disclosed identifying information as to a CI identified as CI # 2900-02-18, with a Confidential Informant Agreement signed on February 7, 2018. Absent further information, it is unclear whether the documents involve the same CI. If they do not, the Defendant indicates that the CI who provided the November 27, 2017 interview has not been disclosed. If the documents do reference the same CI, the disclosure was not adequate to inform the Defendant of the identity of the CI who gave the interview at issue. The identifying documents suggest an informant who began cooperating *after* the interview, investigation, and search that uncovered the Carfentanil at issue. Therefore, absent evidence that the CI who gave the November 27, 2017 interview was properly disclosed, the CI should not be permitted to testify.

Finally, the Court finds that the "ping" evidence should be excluded due to the untimely disclosure of the AT&T witness.[3] *United States v. Holmes*, 670 F.3d 586, 598 (4th Cir. 2012) (holding that where no discovery order establishes specific deadlines for disclosure of expert witnesses, courts have discretion to determine whether a disclosure was timely "as a matter of general fairness"). The evidence was gathered December 1-7, 2017. The United States obtained the original Indictment in this case on December 4, 2018, and trial was originally scheduled for July 15, 2019. The Defendant opted for the Standard Discovery Requests set forth in Rule 16.1 of the Local Rules of Criminal Procedure in a form dated May 29, 2019. He first raised the issue of the "ping" evidence in a motion in limine filed on September 23, 2019. The United States

---

3 In addition to the untimeliness, the Defendant argues that the substance of the United States' disclosure does not comply with the requirements of Rules 702, 703, or 705.

disclosed the identity of the expert witness, together with his CV, on October 15, 2019, after the Defendant filed the instant motion in limine on October 9, 2019. Trial is scheduled for October 21, 2019. As the Defendant noted, there is not sufficient time for him to seek expert assistance in response to the United States' disclosure. Likewise, there is not sufficient time for the Defendant to investigate the expert for purposes of effective cross-examination. The United States contends that "the proper remedy would be to request a continuance, rather than excluding a necessary witness." (US Resp. at 9.) The Court finds it improper to permit the United States, through its own lack of diligence in identifying its expert, to force the Defendant to choose between a speedy trial and a fair opportunity to develop his defense. Moreover, no statute, case law or procedural rule affords the Government the luxury of selecting which of these options the Defendant should choose. Accordingly, the motion in limine should be granted to the extent it seeks to exclude the "ping" evidence.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion in Limine in Response to the Government's Untimely Discovery Response* (Document 44) be **GRANTED** in part and **DENIED** in part, as more fully set forth herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 17, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA